ANDRES *v.* NATIONAL LOAN & INVESTMENT CO.

1. BUILDING AND LOAN ASSOCIATIONS — ACCOUNTING — BURDEN OF
   PROOF OF PAYMENT.

    In suit for an accounting by mortgagors' assignee against mort-
   gagee building and loan association, plaintiff's burden of proof
   as to payment of $437.50 *held,* sustained by entry in a pass
   book.

2. SAME — ACCOUNTING — RECORD.

    Record in suit for accounting against building and loan associa-
   tion *held,* so unsatisfactory as to cause Supreme Court to be
   unable to find mortgage debt satisfied and to decline to enter
   upon a general audit.

3. SAME — DIVIDENDS — EVIDENCE.

    In suit by mortgagors' assignee against mortgagee building and
   loan association, in which mortgagors had subscribed for stock
   of face value equivalent to amount of mortgage and made
   monthly payments thereon, record *held,* not to present evidence
   from which dividends in excess of fixed five per cent. rate could
   be adjudged.

4. SAME — ACCOUNTING — MORTGAGES — FORECLOSURE — REDEMPTION —
   CREDIT FOR PAYMENTS.

    In suit by mortgagors' assignee against mortgagee building
   and loan association for accounting, where plaintiff is found
   entitled to a sum together with interest from time payment
   thereof was made, credit upon redemption from foreclosure sale
   is allowed or cash payment from proceeds thereof if no re-
   demption is had.

Appeal from Wayne; Ferguson (Homer), J.  Sub-
mitted January 13, 1938.  (Docket No. 105, Calendar
No. 39,855.)  Decided April 4, 1938.  Rehearing
denied June 14, 1938.

Bill by Marijan C. Andres against National Loan & Investment Company, a Michigan building and loan association, for an accounting, injunction restraining mortgage sale and moratorium. Decree for defendant. Modified and affirmed.

*Fred H. Aldrich*, for plaintiff.

*Angell, Turner, Dyer & Meek*, for defendant.

Wiest, C. J. The bill herein was filed to enjoin foreclosure, by advertisement, of a real estate mortgage and have an accounting, under claim that the amount defendant could exact had been satisfied. Upon hearing in the circuit the bill was dismissed, and plaintiff reviews by appeal.

In March, 1928, John and Mary Bytner, owners of the property, borrowed $2,500 from defendant National Loan & Investment Company and gave their note and mortgage. At the same time the borrowers became purchasers of 25 shares, ''Class G'' stock of the lender, of the par value of $2,500, upon which they were to make monthly payments. If such monthly payments and the monthly payments of interest on the mortgage were made then, at the expiration of 114 months, an arbitrary dividend added thereto would constitute payment, and the stock would be canceled and the mortgage satisfied. Payments made were entered in a pass book.

The Bytners conveyed the property, subject to the mortgage, to plaintiff in July, 1929. While negotiating for such purchase, plaintiff claims he was informed by defendant that the amount due on the mortgage was $1,639.37, and after purchase defendant's auditor, by letter, made confirmation thereof.

The record is unsatisfactory.

Plaintiff insists that the stated amount due when he purchased was approximately correct, considering a credit item of $437.50, appearing on the pass book, under date of October 3, 1928, but not found upon defendant's books.

Defendant disclaims all knowledge of the mentioned entry on the pass book and claims its auditor was mistaken when he stated in his letter the amount due.

By involved figuring, on assumptions we cannot adopt, plaintiff claims that $500 should be credited as of October 3, 1928. This would include the $437.50. If the $437.50 was paid, it was by the Bytners, and neither party called them as witnesses, nor was their absence explained. The burden was on plaintiff to show payment and this burden was met, as to the $437.50, by the pass book entry.

Plaintiff made no tender, claiming the mortgage debt satisfied.

We cannot find the mortgage debt satisfied and, therefore, decline, upon the unsatisfactory record herein, to enter upon a general audit.

We have not overlooked plaintiff's contention of right, as a shareholder, to be credited with dividends equal to his fair proportion of the profits instead of the fixed five per cent. dividend. We find no evidence from which dividends in excess of five per cent. can be adjudged.

After decree dismissing the bill plaintiff, by "amended or supplemental pleading," suggested that sale of the property under foreclosure, by advertisement, had been made and the property struck off to defendant for $2,217.68, and prayed:

"That if the said court or the Supreme Court should find that the said defendant is entitled to a

decree in the said cause for a lesser amount than the amount for which said premises were sold, that the said plaintiff may have an election, if the court shall deem best, to receive in cash the difference between the amount for which the said property was struck off and the amount which the said court shall find is due upon the said mortgage, or to have the said sale set aside as illegal."

We assume that the property was struck off to the mortgagee for the amount claimed to be due on the mortgage and included the mentioned $437.50.

The sale was not illegal.

We think plaintiff entitled to a credit of $437.50, as of October 3, 1928, together with interest thereon at the rate of five per cent. per annum, and, upon redemption, if any, that sum is to be deducted.

If plaintiff does not redeem from the foreclosure sale, then defendant, out of the proceeds of the same, must pay plaintiff such sum.

Plaintiff may take a decree to that effect, with costs of this appeal to be taxed.

Butzel, Bushnell, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.